IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BETTY JO MORRIS COPNING,

        Plaintiff,

v.                                          CIVIL ACTION NO.   3:14-0529

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted Findings of Fact and recommended that Plaintiff Betty Jo Morris Copning's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and the decision of the Commissioner be affirmed. ECF No. 14.  Plaintiff now raises five objections to the Proposed Findings and Recommendations of the Magistrate Judge. ECF No. 24.  This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

First, Plaintiff asserts that the Administrative Law Judge (ALJ) failed to include all pertinent impairments in the hypothetical individual scenario for the vocational expert.  In particular, Plaintiff asserts the ALJ failed to include her hand impairments and the impact of her

obesity in the hypothetical presented to the vocational expert. However, as fully explained by the Magistrate Judge, the hypothetical question closely tracked Plaintiff's residual functional capacity (RFC), which was based upon a thorough consideration of Plaintiff's symptoms, medical records, evaluations, medical opinions, and testimony at the administrative hearing. *Prop. Findings & Recommendations*, at 43-57. For the reasons stated by the Magistrate Judge, the Court finds the RFC was supported by substantial evidence and there is no merit to Plaintiff's assertion that the hypothetical questions were inadequate.

Plaintiff's second objection is that the ALJ erred by substituting his opinion for that of a medical provider. Specifically, Plaintiff claims that the ALJ disregarded Dr. Tankersley's opinion and Plaintiff's testimony with respect to pain. As stated by the Magistrate Judge, however, the ALJ did consider Plaintiff's testimony, but he found it to be inconsistent with other evidence in the record. *Id.* at 51-52. In addition, the ALJ found that Plaintiff was taking medications she was not taking when she was examined by Dr. Tankersley, and the ALJ found significant evidence Plaintiff's symptoms in her hands could be controlled with medication. *Id.* at 52. Thus, based upon this Court's review, the Court finds Plaintiff's second objection is without merit.

Third, Plaintiff argues that the ALJ failed to consider the combination of her impairments, including her osteoarthritis in her knees, degenerative joint disease, degenerative disc disease of the lumbar spine, high lumbar spine levoscoliosis, low rotoscoliosis, rheumatoid arthritis, and morbid obesity. The Magistrate Judge found "the ALJ undeniably addressed the

-3-

combination of Claimant's impairments throughout the sequential process." *Id*. at 58. Upon review, the Court agrees and finds Plaintiff's objection without merit.

Fourth, Plaintiff claims that the ALJ failed to properly consider her pain and credibility. However, as stated by the Magistrate Judge, Plaintiff's allegation that the ALJ failed to conduct any analysis of her credibility as to pain is "plainly meritless." *Id*. at 63. Moreover, there is substantial evidence in the record to support the ALJ's assessment that Plaintiff was only partially credible. Thus, the Court denies this objection by Plaintiff.

Lastly, Plaintiff argues the ALJ failed in his duty to produce evidence sufficient to rebut the presumption of disability. Again, the Court agrees with the Magistrate Judge that the ALJ fulfilled his obligation and there is substantial evidence supporting his decision. Therefore, the Court finds this objection without merit.

Accordingly, based upon this Court's review, the Court **DENIES** Plaintiff's objections, **ACCEPTS AND INCORPORTES HEREIN** the Findings and the Recommendations of the Magistrate Judge, **DENIES** Plaintiff's request for judgment on the pleadings (ECF No. 12), **GRANTS** the Commissioner's request for judgment on the pleadings (ECF No. 13), and **AFFIRMS** the decision of the Commissioner. The Court further **DISMISSES** this action **WITH PREJUDICE** and **DIRECTS** the Clerk to remove it from the docket of the Court.

-4-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 30, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE